## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHRISTINE SKANDIS,

       Plaintiff,               Case No.

                                  Honorable

v.

JPMORGAN CHASE BANK, N.A.,
ANN PERRAULT, AVALON
INTERNATIONAL BREADS,

       Defendants.

---

Christine Skandis
312 Hoffman Street
Saugatuck, Michigan 49453

535 Griswold Street, Suite 111-12
Detroit, Michigan 48226
Plaintiff, *pro se*


Ann Perrault
422 W. Willis
Detroit, Michigan 48201

Avalon International Breads
422 W. Willis
Detroit, Michigan 48201

Dawn N. Williams (P72399)
**DYKEMA GOSSETT PLLC**
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*
300 Ottawa Avenue, N.W., Suite 700
Grand Rapids, MI  49503-2306
(616) 776-7500 / Fax:  (855) 234-8873
dwilliams@dykema.com

---

DYKEMA GOSSETT • A PROFESSIONAL LIMITED LIABILITY COMPANY • 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN  48304

## NOTICE OF REMOVAL

      PLEASE TAKE NOTICE that, subject to and without waiving their defenses

under Federal Rule of Civil Procedure 12(b), Defendant JPMorgan Chase Bank,

N.A. ("Chase") hereby removes the above-captioned action pursuant to 28 U.S.C. § 1441, *et seq*., which is currently pending in the Third Judicial Circuit, County of Wayne, in the State of Michigan, to the United States District Court of the Eastern District of Michigan, by the filing of this Notice of Removal with the Clerk of the United States District Court of the Eastern District of Michigan.  As grounds for removal, Defendant Chase states as follows:

**PROCEDURAL BACKGROUND AND GROUNDS FOR REMOVAL**

1.     Plaintiff Christine Skandis ("Plaintiff") is a vexatious litigant and has commenced this action to try and avoid federal court jurisdiction over a dispute that is already pending in this Court.

2.     On or about July 20, 2020, Plaintiff commenced an action against Chase in the Third Judicial Circuit, County of Wayne alleging that Chase breached a purported December 6, 2014 loan modification agreement (the "July State Court Action").  Chase removed the July State Court Action to this Court on August 18, 2020. *See* **Ex. A,** Federal Court Docket [DE 1], Case No. 2:20-cv-12221-GCS-APP, and Wayne County Circuit Court Docket, Case. No. 20-009105-CB.

3.     After attempting, but failing to prevent removal of the July State Court Action, including filing an improper request for default against Chase in the Wayne County Circuit Court after the case was removed and filing an objection to

removal in the Wayne County Circuit Court after removal,[1] Plaintiff filed this action against Chase on or about September 4, 2020 (the "September State Court Action").  *See* **Ex. B**, September State Court Action Summons & Complaint.[2]

4.    Plaintiff's claims against Chase in the September State Court Action are duplicative of her claims in July State Court Action (as well the W.D. Mich. Action).  Indeed, as in the July State Court Action and the W.D. Mich. Action, Plaintiff avers in this case that Chase breached a purported December 6, 2013 loan modification agreement.  *See* **Ex. B**, September State Court Action Summons & Complaint, **Ex. C**, Rule 11 Motion (setting for the relation between the July State Court Action and the W.D. Mich. Action); and **Ex. E**, July State Court Action Complaint.

5.    The only difference between the September State Court Action and the July State Court Action is that Plaintiff now names two non-diverse defendants,

---

[1] *See* **Ex. A**, Wayne County Circuit Court Docket, Case No 20-009105-CB.

[2] Chase currently has a Rule 11 Motion for Sanctions pending against Plaintiff in the July State Court Action.  As set forth in Chase's Rule 11 Motion, Plaintiff is forum shopping in an attempt to re-litigate claims that are pending in the Western District of Michigan, Case No. 19-cv-00028-PLM-RSK (the "W.D. Mich. Action").  In particular, Chase's Rule 11 Motion highlights that Plaintiff's claims against Chase concern the exact claims that Plaintiff alleged in the W.D. Mich. Action.  *See* **Ex. C,** Rule 11 Motion (setting forth Plaintiff's improper conduct, including attempting to litigate claims that are already pending in the W.D. Mich. Action and attempting to default Chase after removal and before Chase's time to respond expired (excluding exhibits)).  The Rule 11 Motion further highlights that Plaintiff's claims against Chase have no connection to this jurisdiction. *Id.* Chase has a Motion to Transfer Venue currently pending.  *See* **Ex. D,** Motion to Transfer Venue (excluding exhibits).

Ann Perrault and Avalon International Breads ("Avalon"). *See* **Ex. B,** September State Court Action Summons & Complaint.

6. Ann Perrault and Avalon have no connection to Plaintiff's dispute with Chase or the property at issue. Plaintiff has named Ann Perrault and Avalon in a blatant attempt to avoid diversity jurisdiction. As discussed in more detail below, Ann Perrault and Avalon are fraudulently and/or improperly joined in this action; thus, their consent for removal is not required, nor is their citizenship considered for purposes of diversity jurisdiction. Further, consent for removal is also not required because, upon information and belief, Ann Perrault and Avalon have not been served. 28 U.S.C. § 1441.

7. Chase therefore files this Notice of Removal pursuant to 28 U.S.C. § 1367.

8. This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) because it is filed within 30 days of the September State Court Action being filed and within 30 days Plaintiffs' attempt at service of process via certified mail, which Chase received on September 10, 2020.

9. This Court is in the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a). The Third Judicial Circuit, County of Wayne is located in the Eastern District of Michigan.

## DIVERSITY JURISDICTION

10.    This is a civil action of which this Court has original diversity jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs, and attorneys' fees, and this action is between citizens of different states, as demonstrated more fully below:

a.    **Plaintiff is a Citizen of Michigan:**  For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).   Upon information and belief, Plaintiff is domiciled in, and is a citizen of the State of Michigan.    Specifically, in her Complaint, Plaintiff pleads she is a resident of the State of Michigan.  *See* **Ex. B**, September State Court Action Complaint, ¶ 1.  Although Plaintiff identifies her mailing address as 535 Griswold Street, Suite 111-12, Detroit, Michigan 48226, that is a UPS location.  *See* **Ex. F,** UPS Address Information.  Plaintiff's prior pleadings, however, reveal that she resides at property located at 312 Hoffman Street, Saugatuck, MI 49453 (the "Hoffman Street Property").  *See* **Ex. E**, July

DYKEMA GOSSETT• A PROFESSIONAL LIMITED LIABILITY COMPANY• 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN 48304

State Court Action Complaint. Plaintiff does not allege that she resides anywhere other than in Michigan, nor does Plaintiff allege that she has any intention of leaving Michigan. Therefore, for diversity purposes, Plaintiff is domiciled in and is a citizen of the State of Michigan.

b. **Chase is a Citizen of Ohio**: Chase is a national banking association. For purposes of diversity jurisdiction, a national banking association is deemed to be a citizen of the state in which it is located. 28 U.S.C. § 1348. For purposes of diversity jurisdiction, a national banking association is "located" in the "State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). According to its Articles of Association, Chase's main office is in Columbus, Ohio. Accordingly, Chase is a citizen of Ohio, and is not now and never has been a citizen of the State of Michigan within the meaning of 28 U.S.C. § 1332(c).

c. **Co-Defendants Are Fraudulently Joined and/or Improperly Joined**. For purposes of determining diversity jurisdiction, only the citizenship of *properly* joined defendants is considered. 28 U.S.C. § 1441(b) ("civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly* joined and served as defendants is a citizen of the State in

which such action is brought.") (emphasis added). The Sixth Circuit "has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Upon information and belief, Ann Perrault and Avalon are Michigan residents. But, as discussed below, the citizenship of Ann Perrault and Avalon should be disregarded for purposes of determining diversity because they have been fraudulently joined and/or improperly joined in this action.

11. Therefore, complete diversity exists because Plaintiff is a citizen of Michigan and Chase is a citizen of Ohio.

12. **Amount in Controversy.** Pursuant to 28 U.S.C. § 1332(a), the amount in controversy appears to exceed the sum or value of $75,000.00, exclusive of interest, costs, and attorney fees for the following reasons:

a. Plaintiff's Complaint consists of ten counts against Chase. Plaintiff pleads purported damages greater than $25,000. *See* **Ex. B,** September State Court Action Complaint, Prayer for Relief. Plaintiff's July State Court Action—which, as noted above is duplicative of this action— reveals that Plaintiff actually claims in damages in excess of $25,000 for *each count* against Chase. *See* **Ex. E,** July State Court Action Complaint. Accordingly, the amount in controversy is satisfied because Plaintiff seeks

damages exceeding $250,000. *Everett v. Verizon Wireless,* 460 F.3d 818, 822 (6th Cir. 2006) ("[W]here plaintiffs seek 'to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000.")

    b.    The amount in controversy is further satisfied because Count VII for Conversion is premised upon Plaintiff's assertion that Chase has allegedly engaged in an unlawful taking of the Hoffman Street Property. *See* **Ex. B,** September State Court Action Complaint, ¶ 41 (contending that Chase unlawfully converted her property[3] based upon allegations that it breached a loan modification agreement). *See also* **Ex. E,** July State Court Action Complaint, ¶ 42 (asserting a claim for conversion based upon Plaintiff's prior allegations that Chase failed to modify the loan at issue); and, **Ex. G,** W.D. Mich. Action Complaint, ¶¶ 15-21 (alleging that foreclosure on the Hoffman Street Property is improper because Chase

---

[3] Similar to the July State Court Action, Plaintiff does not identify the property address at issue. However, based upon Plaintiff's allegations of a purported loan modification agreement (**Ex. B,** September State Court Action Complaint, ¶ 5) and her allegations pled in the July State Court Action and the W.D. Mich. Action, it is undeniable that the property at issue is the Hoffman Street Property. *See* **Ex. E,** July State Court Action Complaint (identifying the Hoffman Street Property as her mailing address and not identifying any other property address at issue in the complaint); **Ex. G,** W.D. Mich. Action Complaint (identifying the Hoffman Street Property as the property secured by the loan and loan modification at issue); and, **Ex. F**, UPS Address Information (confirming that Plaintiff's mailing address listed in the September State Court Action Complaint (i) is a UPS location, (ii) is not Plaintiff's residence, and (iii) has no relation to the claims alleged).

DYKEMA GOSSETT• A PROFESSIONAL LIMITED LIABILITY COMPANY• 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN  48304

allegedly failed to modify the loan at issue). "The general rule for the measure of damages for conversion is the value of the converted property at the time of the conversion." *Ehman v. Libralter Plastics,* 207 Mich. App. 43, 45, 523 N.W.2d 639, 639 (1994). According to the Allegan County Tax Assessor, the state equalized value of the Hoffman Street Property (which is generally 1/2 of its actual value) is $209,900. *See* **Ex. H**, Property Tax Information. Thus, according to the Allegan County Tax Assessor, the value of the Hoffman Street Property is $419,800. Accordingly, the purported damages arising from Count VII satisfies the amount in controversy as well.

c.      Although Chase denies the allegations in Plaintiff's Complaint and denies any liability to Plaintiff, if Plaintiff's allegations are proven to be true, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs, and attorneys' fees.

13.    **Fraudulent Joinder and/or Improper Joinder**.

a.      The Supreme Court has long recognized the federal constitutional right of a non-resident defendant to elect to defend itself in federal court. *See Martin v. Hunter's Lessee*, 14 U.S. 304, 348 (1816) (Article III grant of diversity jurisdiction "was not to be exercised exclusively for the benefit of parties who might be plaintiffs . . . but also for

DYKEMA GOSSETT• A PROFESSIONAL LIMITED LIABILITY COMPANY• 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN 48304

the protection of defendants who might be entitled to try their rights, or assert their privileges, before the same forum."); *Terral v. Burke Constr. Co., 257 U.S.* 529, 532-33 (1922) (Corporate defendants have a "federal constitutional right . . . to resort to the federal courts").  Given the importance of this federal constitutional right, the Supreme Court has called for federal courts to be "vigilant" to detect improper devices that attempt to prevent its exercise.  *See Wecker v. Nat'l Enam. & Stamp. Co.*, 204 U.S. 176, 185-86 (1907) ("Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction") (emphasis added).  The Court should therefore carefully scrutinize and reject any attempt by diverse plaintiffs to join non-diverse defendants to defeat a defendant's constitutional right to a federal forum.  *Id*.

b.      Consistent with the foregoing principle, it is well-settled that "the citizenship of an improperly or fraudulently joined defendant is disregarded and 'does not defeat removal on diversity grounds.'"  *Griffin v. Middlefork Ins. Agency,* No. 17-215-DLB, 2017 U.S. Dist. LEXIS 164274, at *3 (E.D. Ky. Oct. 4, 2017) (citing *Coyne*, 183 F.3d at 493).

c.      The fraudulent joinder doctrine applies where the plaintiff has

10

used

not asserted a viable cause of action against a joined defendant. *Coyne*, 183 F.3d at 493. *See also Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Stated differently, a court must disregard a non-diverse defendant when a plaintiff has "no colorable claim" against that defendant under applicable state law. *Coyne*, 183 F.3d at 493. Whether a party is fraudulently joined is based only upon the claims as pled in the plaintiff's complaint. *Id*.

   d. Here, Plaintiff's Complaint is entirely deficient as to Chase, Ann Perrault, and Avalon. Plaintiff does not plead any facts to support her claims against Chase, let alone Ann Perrault and Avalon. Rather, Plaintiff merely pleads conclusory allegations of a purported breach of contract and offers no facts to support her claims. *See* **Ex. B**, September State Court Action Complaint, ¶¶ 1-10. Plaintiff fails to state a colorable claim Ann Perrault and Avalon for this reason alone. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' . . . . Where a complaint pleads facts that are 'merely consistent with' a defendant's

DYKEMA GOSSETT• A PROFESSIONAL LIMITED LIABILITY COMPANY• 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN  48304

liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" (internal citations omitted)); and, *Lewis v. Nationstar Mortg.*, No. 14-10204, 2014 U.S. Dist. LEXIS 112206, at *6 (E.D. Mich. July 25, 2014) ("'plausible claim' under Iqbal is a "colorable claim" under *Coyne*.").

e.    Plaintiff's prior related complaints against Chase further confirm that her claims against Ann Perrault and Avalon fall far short of being "colorable."  As discussed above, Plaintiff's W.D. Mich. Action and Plaintiff's July State Court Action reveal that the dispute before this Court concerns a loan to non-party Larry Fuller, which is secured by the Hoffman Street Property.  Indeed, the September State Court Action Complaint is a near duplicate of the July State Court Action—apart from adding Ann Perrault and Avalon as named defendants.  *See* **Ex. E**, July State Court Action Complaint; **Ex. G**, W.D. Mich. Action Complaint; and, **Ex. D,** Motion to Transfer Venue (establishing that Plaintiff's claims in the July State Court Action concern the Hoffman Street Property).  Ann Perrault and Avalon have no interest in the Hoffman Street Property or the loan at issue. *See* **Ex. I,** Mortgage & Note (confirming Ann Perrault and Avalon are *not parties to the loan*); and, **Ex. J,** Public Records Search (confirming Ann Perrault and Avalon have *no record interest in the Hoffman Street Property*).

The lack of any connection between Ann Perrault and Avalon to the Hoffman Street Property or loan at issue is further confirmed by the fact that Plaintiff *did not name them in the two prior lawsuits concerning the dispute*. *See* **Ex. E,** July State Court Action Complaint; and, **Ex. G**, W.D. Mich. Action Complaint.  Indeed, Ann Perrault and Avalon do not appear to have any connection to the West Side of Michigan where the Hoffman Street Property is located.  *See* **Ex. K**, Avalon Website Excerpt.

f.      Because Ann Perrault and Avalon are not parties to the loan or the purported loan modification at issue and have no connection to the Hoffman Street Property or dispute at issue, Plaintiff fails to state a "colorable" claim against them.  *See, e.g., Graphic Res. Grp., Inc. v. Honeybaked Ham Co.,* 51 F. Supp. 2d 822, 827-28 (E.D. Mich. 1999) ("This Court finds that defendant Honeybaked Michigan has met its burden of showing that plaintiff has no reasonable basis for a breach of contract claim against this defendant. . . . Just as in *Freeman, supra*, plaintiff's complaint fails to support joinder of the non-diverse defendant. There is nothing in the letter of January 28, 1997 to indicate that defendant Honeybaked Michigan was a party to any agreement between plaintiff and defendant Honeybaked Foods, Inc."); and, *Freeman v. Unisys Corp*., 870 F. Supp. 169, 173 (E.D. Mich. 1994) (finding fraudulent joinder where there was no evidence that

the non-diverse defendants played any role in the termination of employment issue before the court).

g.     But even if the Complaint stated a colorable claim against Ann Perrault and Avalon (which it does not), diversity jurisdiction is not destroyed because Ann Perrault and Avalon are not indispensable parties to Plaintiff's claims against Chase under Fed. Rule. Civ. P. 19 ("Rule 19"), and, their joinder is improper under Fed. Rule. Civ. P. 20 ("Rule 20").  As established above, Plaintiff's claims against Chase have no relationship to any claims Plaintiff may have against Ann Perrault or Avalon.  To the extent Plaintiff pleads a separate contractual relationship with Ann Perrault and Avalon, the September State Court Action is entirely devoid of any facts showing that her claims against Chase (i) arise from the same operative facts as her claims against Ann Perrault, (ii) involve the same questions of law or fact as her claims against Anne Perrault and Avalon, (iii) a court could not grant relief without the presence of Ann Perrault or Avalon, or (iv) that Plaintiff cannot protect her interest or there is a risk of multiple or inconsistent recovery if Ann Perrault and Avalon are not joined in this action.  *See* **Ex. B,** September State Court Action.  Accordingly, Ann Perrault and Avalon do not, and cannot, destroy diversity jurisdiction in this action because they are not indispensable parties under Rule 19 and joinder

14

is improper under Rule 20. *See, e.g., Lewis,* 2014 U.S. Dist. LEXIS 112206, at *6 (denying motion to remand on the grounds that—although the plaintiff pled colorable claims against the non-diverse defendant—the non-diverse defendant was not an indispensable party under Fed. Rule Civ. P. 19 and, thus, the Court could retain diversity jurisdiction over the matter pursuant to Fed. Rule Civ. P. 21.)

14.     In A Notice of Filing Notice of Removal and a copy of this Notice of Removal will be filed with the Third Judicial Circuit, County of Wayne as required by 28 U.S.C. § 1446(d), and copies of the same will be served upon Plaintiff.

15.     Based upon the foregoing, Chase is entitled to remove this action to this Court under 28 U.S.C. § 1332.

16.     In filing this Notice of Removal, Chase does not waive any defenses that may be available to it.

WHEREFORE, Chase respectfully requests this Court take jurisdiction over this matter and grant such other relief as the Court deems proper.

DYKEMA GOSSETT • A PROFESSIONAL LIMITED LIABILITY COMPANY • 39577 WOODWARD AVENUE, SUITE 300 • BLOOMFIELD HILLS, MICHIGAN 48304

Dated: October 2, 2020          Respectfully submitted,

          **DYKEMA GOSSETT PLLC**

          By: /s/ Dawn N. Williams
              Dawn N. Williams (P72399)
              **DYKEMA GOSSETT PLLC**
              *Attorneys for Defendant JPMorgan Chase*
              *Bank, N.A.*
              300 Ottawa Avenue, N.W., Suite 700
              Grand Rapids, MI  49503-2306
              (616) 776-7500 / Fax:  (855) 234-8873
              dwilliams@dykema.com

DYKEMA GOSSETT• A PROFESSIONAL LIMITED LIABILITY COMPANY• 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN 48304

**PROOF OF SERVICE**

I hereby certify that on October 2, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and that a copy of said filing was sent via U.S. Mail postage prepaid to:

> Christine Skandis
> 312 Hoffman Street
> Saugatuck, MI 49543
> Plaintiff, *pro se*
>
> Christine Skandis
> 535 Griswold Street, Suite 111-12
> Detroit, Michigan 48226

Dated:  October 2, 2020          /s/ Dawn N. Williams
                                            Dawn N. Williams (P72399)
                                            **DYKEMA GOSSETT PLLC**
                                            *Attorneys for Defendant JPMorgan Chase*
                                            *Bank, N.A.*
                                            300 Ottawa Avenue, N.W., Suite 700
                                            Grand Rapids, MI  49503-2306
                                            (616) 776-7500 / Fax:  (855) 234-8873
                                            dwilliams@dykema.com

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**



7020 0090 0001 7900 7080




U.S. POSTAGE PAID
PM 2-DAY
HOLLAND, MI
48423
SEP 05, 20
AMOUNT
**$14.15**
R2305K130050

1004
48170

**UNITED STATES**

**PRIORITY
MAIL ★**


UNITED STATES
POSTAL SERVICE®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:

OM:

Skardis
535 Griswold Ste 111-12
Detroit MI 48226

TO:

JP Morgan Chase Bank, N.A.
c/o The Corporation Company
40600 Ann Arbor Rd E Ste 201
Plymouth MI 48170

TO:

To schedule free
Package Pickup,
scan the QR code.





bel 228, March 2016    FOR DOMESTIC AND INTERNATIONAL USE



EP14F Oct 2018

Approved, SCAO

| | | |
|---|---|---|
| | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>20-011500-CB<br>Hon.Muriel Hughes |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226       Court telephone no.: 313-224-2415

| Plaintiff's name(s), address(es), and telephone no(s)<br>Skandis, Christine | v | Defendant's name(s), address(es), and telephone no(s).<br>JPMorgan Chase Bank, N.A.<br>C/O The Corporation Company<br>40600 Ann Arbor Road E Ste 201<br>Plymouth Michigan 48170 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Christine Skandis<br>535 Griswold Street, Suite 111-12<br>Detroit, MI 48226 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☒ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

| SUMMONS |
|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>9/4/2020 | Expiration date*<br>12/4/2020 | Court clerk<br>Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)      **SUMMONS**      MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



**In the State of Michigan**
**Wayne County Circuit Court**

CHRISTINE SKANDIS
      Plaintiff,

                                     Honorable: Muriel Hughes
                                     Case Number: 20-011500-CB

V.

JPMORGAN CHASE BANK, N.A.,

ANN PERRAULT,

AVALON INTERNATIONAL BREADS,

        Defendants. - jointly and severally liable –
_____/

Christine Skandis
535 Griswold Street, Suite 111-12
Detroit, Michigan 48226
(313) 385-3711
In pro per

JPMorgan Chase Bank, N.A.
C/O The Corporation Company
40600 Ann Arbor Road E Ste 201
Plymouth Michigan 48170

Ann Perrault, Founder of
Avalon International Breads
422 W. Willis
Detroit, Michigan 48201

Avalon International Breads
422 W. Willis
Detroit, Michigan 48201

## COMPLAINT

*There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this complaint.*

***NOW COMES THE PLAINTIFF, PRO SE,*** with her verified Complaint and states:

## STATEMENT OF FACTS

1. CHRISTINE SKANDIS is a natural resident in the State of Michigan.

2. JPMORGAN CHASE BANK, N.A. "CHASE" does business in Wayne County, Michigan. Their registered Resident Agent, The Corporation Company, is in Wayne County at 40600 Ann Arbor Road E Ste 201, Plymouth, Michigan 48170.

3. ANN PERRAULT, founder of Avalon International Bread, is located and does business in Wayne County, Michigan.

4. AVALON INTERNATIONAL BREAD is located and does business in Wayne County, Michigan.

5. There was a contract for a modification of a loan on or about December 6, 2013; Defendant JPMORGAN CHASE BANK, N.A. breached the contract.

6. There was a contract of loan promise, defendant ANN PERRAULT founder of Avalon International Bread, breached the promise.

7. There was a contract of loan promise, defendant AVALON INTERNATIONAL BREAD breached the promise.

8. The proper venue is Business Court because one or more of the parties is a business and damages resulted from a commercial transaction.

9. The proper venue is Wayne County Circuit Court because the amount in controversy exceeds $25,000.00 (twenty-five thousand and 00/100 dollars.)

10. There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this complaint.

## COUNT I
## BREACH OF CONTRACT

11. The Plaintiff reasserts all paragraphs herein.

12. Michigan courts recognize a duty of good faith in a contractual relationship where a party is given discretion to make a determination under the contract.

13. Defendants' conduct as described in this Complaint constitutes multiple breaches of its duty of good faith and fair dealing.

14. As a result of Defendants' breach of the implied covenant of good faith and fair dealing Plaintiff has suffered damages.

15. As a direct and proximate result, Defendants damaged and continue to damage Plaintiff.

## COUNT II
## PROMISSORY ESTOPPELL

16. Plaintiff reaffirms all paragraphs herein.

17. Plaintiff relied on the statements of the Defendants.

18. Defendants made a clear and definite promise, and of a loan / loan modification.

19. Defendants should have expected that the promise would induce reliance and that there was a change in the Plaintiff's position due to reliance on the promise;

20. That injustice can be avoided only by enforcing the promise.

21. Defendants had a duty to protect the ability of individuals to trust promises in circumstances where trust is essential and by failing to do so acted in a negligent manner.

22. As a direct and proximate result, Defendants damaged and continue to damage Plaintiff.

## COUNT III
## FRAUDULENT MISREPRESENTATION

23. Plaintiff reaffirms all paragraphs herein.

24. Defendants intentionally made false representations of material facts.

25. Defendants representations were false when they were made.

26. Defendants knew that its representations were false when they were made or made them recklessly, without knowing whether they were true.

27. Defendants intended that Plaintiff rely on the representations.

28. Plaintiff relied on Defendants' false representations.

29. As a result of Defendants' fraudulent misrepresentations, Plaintiff has suffered substantial economic losses.

## COUNT IV
## INNOCENT MISREPRESENTATION

30. Plaintiff reaffirms all paragraphs herein.

31. Defendants' representations, as set forth in the preceding paragraphs, were made in connection with the making of a contract between Plaintiff and Defendants.

32. Plaintiff suffered and continues to suffer substantial economic losses as a result of entering into the contract, and her losses benefitted and benefit Defendants.

33. As a direct result of Defendants innocent misrepresentation, Plaintiff has suffered substantial economic losses.

## COUNT V
## EXEMPLARY DAMAGES

34. Plaintiff reaffirms all paragraphs herein.

35. Defendants' representations were made intentionally and maliciously and have caused Plaintiff to suffer humiliation, outrage, and indignation.

36. As a direct and proximate result, Defendants damaged and continue to damage Plaintiff.

## COUNT VI
## TORTIOUS INTERFERENCE OF A BUSINESS RELATIONSHIP

37. Plaintiff reaffirms all paragraphs herein.

38. Plaintiff has spent years building positive relationships specifically in the Business communities.

39. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered substantial economic injury, loss of goodwill, harm to its business reputation, loss of esteem and standing in the community, and loss of business opportunities.

## COUNT VII
## CONVERSION

40. Plaintiff reaffirms all paragraphs herein.

41. The acts described above constitute unlawful conversion of Plaintiff's property.

42. As a direct and proximate result of Defendant CHASE's conduct, Plaintiff has been damaged in the manner outlined above.

## COUNT VIII
## DEFAMATION

43. The Plaintiff reaffirms all paragraphs herein.

44. Defendants made and continue to make unprivileged communications to the world and any and all future, past, and present colleagues, friends, former friends, current, present and future business colleagues, and the like.

45. Others believed these false representations and that Plaintiff did not own her property.

46. Defendants published the remarks to third parties with knowledge of the falsity of the statements or in reckless disregard of their truth or falsity.

47. The publication was not privileged.

48. The publication of these remarks has resulted in damage to Plaintiff's reputation in the community and economic loss, including, but not limited to, the following:

    a.  Loss of business

    b.  Time value of money

    c.  Revenue from the loss of business

    d.  Emotional distress

    e.  Humiliation, mortification, and embarrassment

    f.  Sleeplessness and anxiety

    g.  Other damages that may arise during the course of discovery and the course of this trial

    h.  Defendants' accusations were Defamation Per Se.

49. As a direct and proximate result, Defendants damaged and continue to damage Plaintiff.

## COUNT IX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. The Plaintiff reaffirms all paragraphs herein.

51. Defendants' conduct as outlined above in all of the paragraphs was intentional.

52. Defendant's conduct as outlined above was extreme, outrageous, and of such character as not to be tolerated by a civilized society.

53. Defendants' conduct as outlined above was for an ulterior motive or purpose.

54. Defendants' conduct resulted in severe and emotional distress.

55. As a direct and proximate result, Defendants damaged and continue to damage Plaintiff.

## COUNT XI
## UNJUST ENRICHMENT

56. Plaintiff reaffirms all paragraphs herein.

57. Under the doctrine of unjust enrichment, a person who receives a benefit from another, the retention of which benefit results in inequity, may be ordered to make restitution.

58. As a direct and proximate result of Defendant CHASE's conduct, Plaintiff has been damaged in the manner outlined above.

As a direct and proximate result, Defendants damaged and continue to damage Plaintiff in amounts greater than $25,000.00 (twenty-five thousand and 00/100 dollars.)

WHEREFORE the Plaintiff respectfully requests judgment in her favor for:

1. Damages in excess of $25,000.00 (twenty-five thousand and 00/100 dollars)

2. Any and all costs

3. Any and all damages deemed appropriate by this Honorable Court.

Dated:      September 4, 2020

Respectfully submitted,

By:  Christine Skandis, in Pro Per
*/s/ Christine Skandis*
535 Griswold Street, Suite 111
Detroit, Michigan 48226
Tel: (313) 385-3711
emailchristine123@gmail.com