UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE SKANDIS,

      Plaintiff,

    v.

JPMORGAN CHASE BANK, N.A.,
ANN PERRAULT, AVALON
INTERNATIONAL BREADS,

      Defendants.

_____/

Case No. 20-12694

Hon. George Caram Steeh

ORDER GRANTING MOTIONS TO DISMISS (ECF NO. 22, 23),
AND DENYING MOTIONS TO REMAND (ECF NO. 7),
FOR TRANSFER (ECF NO. 19), AND FOR SANCTIONS (ECF NO. 21)

Defendants removed this action, which Plaintiff Christine Skandis filed in Wayne County Circuit Court. The complaint is virtually identical to one that Skandis recently filed and that was also removed to this court. *See* Case No. 20-12221, ECF No. 1. ("First Case"). The First Case involved allegations that Defendant JPMorgan Chase Bank ("Chase") breached a promise to modify a loan. This case contains virtually identical allegations, with the exception that Skandis added Michigan residents Ann Perrault and

Avalon International Breads as defendants.[1] The only allegations against Perrault and Avalon are that "there was a contract of loan promise" and they "breached the promise." ECF No. 1 at PageID 21. Skandis does not allege any connection between the allegations against Perrault and Avalon and the allegations against Chase.

Skandis moved to remand, asserting that the court lacks jurisdiction because the parties are not diverse. Defendants contend that the nondiverse defendants, Perrault and Avalon, were fraudulently joined in an attempt to defeat diversity. "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Jerome-Duncan, Inc. v. Auto-by-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (citation omitted). To prove fraudulent joinder, the burden is on the removing party to show that the plaintiff does not have "a colorable cause of action" against the non-diverse party. *Id.* "[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action

---

[1] Ann Perrault has not appeared, and the record does not reflect that she was properly served with process. The court lacks jurisdiction over an individual who was not properly served. *O.J. Dist., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003).

to state court." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Defendants have demonstrated that Skandis lacks a colorable cause of action against Perrault and Avalon. The complaint is devoid of factual allegations against them. The mortgage documents indicate that neither Perrault nor Avalon has an interest in the loan or property at issue here. ECF No. 1-10. Further, except for the addition of Perrault and Avalon, the complaint is identical to the one in the First Case, which the court transferred to the Western District of Michigan. The record supports the suspicion that Perrault and Avalon were added to the complaint in order to avoid this court's jurisdiction and not because Skandis has a colorable claim against them.

Indeed, although Skandis vaguely alleges that Perrault and Avalon "breached a promise" of a loan, she does not allege sufficient facts to state a claim for breach of contract. "The elements of a valid contract in Michigan are '(1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation.' Once a valid contract has been established, the plaintiff then must prove (1) the terms of the contract, (2) breach of those terms by the defendant, and (3) injury to the plaintiff resulting from the breach."

- 3 -

*Radiance Aluminum Fence, Inc. v. Marquis Metal Material, Inc.*, 461 F. Supp. 3d 531, 541 (E.D. Mich. 2020) (citations omitted). Skandis has not alleged the terms of the contract, how those terms were breached, or that she was injured as a result of the breach. Although pro se pleadings are held to a less stringent standard than those filed by attorneys, Skandis has not come close to alleging a colorable claim against Perrault and Avalon.[2] Therefore, for purposes of diversity jurisdiction, the court will disregard the citizenship of these non-diverse defendants.

Satisfied with its subject matter jurisdiction, the court will deny Skandis's motion to remand. Defendants have also filed motions to transfer this action to the Western District of Michigan, as with the First Case, or to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). As discussed above, the court agrees that Skandis has failed to state a claim against Perrault and Avalon, and that dismissal of the Skandis's claims against them is appropriate.

As for Skandis's claims against Chase, her complaint duplicates the First Case that the court transferred to the Western District of Michigan.

---

[2] Complaints filed by pro se litigants are held to a more lenient standard than those drafted by counsel, but pro se plaintiffs must still meet "basic pleading standards" and the court is not permitted to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citations omitted).

"Faced with a duplicative suit, the federal court may exercise its discretion to stay or dismiss the suit before it, allow both federal cases to proceed, or enjoin the parties from proceeding in the other suit." *Twaddle v. Diem*, 200 Fed. Appx. 435, 438 (6th Cir. 2006) (citing *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir.1997)). "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000)). "Generally, '[a] suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions.'" *Hahn v. Tarnow*, No. 06-12814, 2006 WL 2160934, at *8 (E.D. Mich. July 31, 2006) (citation omitted).

Given the virtually identical complaints in the two cases, the court sees no benefit to administratively burdening the Western District of Michigan by transferring the second complaint. Rather, the court will exercise its discretion in favor of dismissal.

Chase also seeks sanctions against Skandis. The Western District of Michigan, as the transferee court in the First Case, is perhaps in the best position to determine whether sanctions are appropriate based on the merits of her claims. The court cautions Skandis, however, that it will view

further duplicative filings against these Defendants as abusive, vexatious, and subject to sanctions pursuant to Rule 11, including monetary penalties. *See* Fed. R. Civ. P. 11(b)(by signing a pleading, an unrepresented party is attesting that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation").

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for remand (ECF No. 7) is DENIED.

IT IS FURTHER ORDERED that Chase's motions to transfer (ECF No. 19) and for sanctions (ECF No. 21) are DENIED.

IT IS FURTHER ORDERED that Defendants' motions to dismiss (ECF No. 22, 23) are GRANTED.

Dated: January 19, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 19, 2021, by electronic and/or ordinary mail and also on Christine Skandis, 312 Hoffman Street, Saugatuck, MI 49453,

s/Brianna Sauve
Deputy Clerk